IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———————

DALLAS KELLY SHANNON,

      Plaintiff,

v.                                                                    No. CIV 02-717 BB/WDS

UNITED STATES OF AMERICA, ET AL.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's motion for reconsideration (Doc. 69), as well as the motion of Defendant United States to clarify its ownership rights (Doc. 67). After reviewing these motions and the memoranda filed by the parties, the Court will take the following actions: (1) the Court will address the issue of the location of the United States' boundary, but cannot rule on that issue as a matter of law; (2) since the Court is allowing the United States to raise a new issue not previously addressed in the pleadings, the Court will also consider the new evidence submitted by Plaintiff concerning the boundary-by-acquiescence issue; and (3) based on such evidence, the Court will rescind the summary judgment previously entered in this case and set the entire matter for trial.

**Location of United States Boundary:** The opinion issued by the Court on December 15, 2003, addressed only one question--whether Plaintiff's property line has been extended across the Pecos River to a fence erected on the west side of the river, under the theory of boundary by acquiescence. The opinion was not intended to, and did not, decide the issue of the exact location of the boundary between the property owned by the United States and the property owned by

Plaintiff.  The United States now asks the Court to determine as a matter of law that its property rights extend to the center of the Pecos River.

The first problem with this request is that, as Plaintiff points out, the United States did not file any pleading requesting such a determination prior to the Court's opinion.  All of the pleadings in this case were directed toward Plaintiff's boundary-by-acquiescence claim, and the Court was never asked to decide the location of the boundary between the two properties.  To remedy that deficiency, the United States now asks the Court to amend its pleadings to conform to the evidence, and rule on the location of the boundary.  The Court agrees that it is preferable to resolve all of the boundary issues between the parties in this litigation, rather than necessitating another lawsuit.  However, for the reasons discussed below, it is not possible to determine the exact location of the boundary without taking further evidence.

The United States relies on a presumption established in New Mexico law, to the effect that where a boundary is described by reference to a natural monument, such as a river, that has width, the boundary is presumed to be the center of that monument.  *See Burnham v. City of Farmington*, 957 P.2d 1163, 1168 (N.M. App. 1998).  However, as discussed in the Court's prior opinion, the deed to the United States does not describe the boundary of the property simply as the river.  Instead, the deed repeatedly states that the boundary runs *along the west bank* of the Pecos River.  Plaintiff argues that this reference to the bank of the river, rather than the river itself, removes this case from the presumption discussed in *Burnham*.  In fact, Plaintiff argues that an opposite presumption applies--that where a deed refers to the bank of a river, the boundary of the property is generally presumed to be the bank, not the center, of the river.  *See, e.g.,* 11 C.J.S., *Boundaries*, § 30, and cases cited therein; *Glover v. Giraldo*, 824 P.2d 552, 555 (Wyo.

1992). Contrary to the statement in *Corpus Juris Secundum* that this is the general rule, however, the Court's research has revealed a number of cases holding that a boundary call along the bank of a river or stream actually grants ownership to the center of the river or stream, not just to the bank. *See, e.g., Terrill v. Tuckness*, 985 S.W.2d 97, 105-06 (Tex. App. 1998); *Town of Newfane v. Walker*, 637 A.2d 1074, 1077-78 (Ver. 1993); *Nilsson v. Latimer*, 664 S.W.2d 447, 449 (Ark. 1984). The rationale stated in several of these cases is that it is highly unlikely the original grantor would have intended to retain ownership of the small strip of land between the center of the stream and the bank, and that clear words of reservation are needed to accomplish such a result. *Terrill; Nilsson*.

As the foregoing discussion shows, the Court cannot simply accept the assertion of the United States that New Mexico law clearly establishes that the United States owns to the center of the river. Similarly, the Court cannot rely on the "general rule" advanced by Plaintiff, which does not in fact appear to be a general rule, that using the words "along the bank" of a river manifests an intent not to convey ownership to the center of the river. The Court must therefore hear further evidence and argument concerning the original grantors' intentions, as well as the legal rule that should be applied in New Mexico when a deed states that the property boundary runs "along the bank" of a river or stream. For these reasons, the Court will not rule as a matter of law that the boundary between the two parcels is the center of the Pecos River.

**Plaintiff's Motion for Reconsideration:** The United States argues that Plaintiff's motion is a motion under Rule 60(B) of the Federal Rules of Civil Procedure, and should be decided under the standards applicable to such a motion. The Court disagrees. The opinion and order filed in this case did not constitute a final decision, as the parties pointed out to the Court--

the counterclaim of the United States had not yet been litigated. Therefore, the order dismissing this case was rescinded and the case returned to the Court's docket. Since the case is still pending, and no final order has yet been filed, the summary judgment opinion is an interlocutory decision that is subject to change at any time prior to the filing of a final judgment. *See Raytheon Constructors Inc. v. ASARCO Inc.*, 368 F.3d 1214, 1216-17 (10th Cir. 2003). For that reason, Rule 60(B) does not apply to the motion for reconsideration. *Id.* (Rule 60(B) applies only to final judgments, and trial court erred by treating motion for reconsideration as 60(B) motion where trial court's decision had not disposed of all issues in the case).

As to the merits of the motion, Plaintiff has submitted additional evidence, including an affidavit of Marilyn Casabonne and a deposition of Helen Innis. Normally, the Court would not consider additional evidence after a summary-judgment ruling has been entered. However, as discussed above, the Court is allowing the United States to raise a new issue concerning the location of the actual boundary between the two parcels of land. In fairness to Plaintiff, the Court has reviewed and considered the evidence provided by Ms. Casabonne and Ms. Innis. These individuals have personal knowledge concerning the fence and the understanding of at least some members of the Innis family as to the boundary of their property. While this evidence is certainly not conclusive (for example, Ms. Innis testified it was her "assumption" that the fence was the boundary), it does raise a genuine issue of material fact on the issue of boundary by acquiescence. The Court will therefore withdraw its prior ruling on that issue.

**Conclusion:** Based on the foregoing, the Court will set this matter for trial on all issues pending in the case.

**ORDER**

A Memorandum Opinion having been entered in this case, it is hereby ORDERED that Plaintiff's motion for reconsideration (Doc. 69) be, and hereby is, GRANTED; and the motion to clarify the ownership rights of the United States (Doc. 67) be, and hereby is, DENIED.

Dated this 11th day of August, 2004.

                                                    BRUCE D. BLACK
                                                    United States District Judge

**ATTORNEYS**:

**For Plaintiff**:
Thomas A. Simons, IV
Faith Kalman Reyes

**For Defendants:**
Raymond Hamilton