## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

_____

DALLAS KELLY SHANNON,

       Plaintiff,

v.                                                No. CIV 02-717 BB/WDS

UNITED STATES OF AMERICA, ET AL.,

       Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court for consideration of a number of motions filed by both parties:  (1)  Defendants' motion to dismiss for lack of subject-matter jurisdiction (Doc. 84); (2) Plaintiff's motion requesting permission to file a surreply to the motion to dismiss (Doc. 99); (3) Defendant's motion under Rule 41(C) asking to withdraw an issue from consideration (Doc. 86); (4) Plaintiff's motion to allow expert testimony (Doc. 83); (5) Plaintiff's motion for sanctions (Doc. 94); (6) Defendants' motion for a protective order (Doc. 92); (7) Defendants' motion to strike an expert's report filed by Plaintiff (Doc. 105); and (8) Defendants' motion in limine to prohibit parol evidence (Doc. 89).  The Court will address each of these motions separately.

**Motion to Dismiss:**  Defendants argue yet again that Plaintiff's action is time-barred under the Quiet Title Act, 28 U.S.C. § 2409a.  Under that statute, an action against the United States to resolve a dispute over ownership of real property must be brought within twelve years of the date the plaintiff knew or should have known of the claim of the United States.  § 2409a(g). This Court previously determined there are factual issues that must be resolved, concerning when Plaintiff "knew or should have known" the United States claimed ownership of the strip of land

between the fence and the Pecos River.  Despite this prior determination, Defendants filed the

instant motion to dismiss, raising a new argument.  Defendants maintain the twelve-year

limitations period began to run on the date the deed transferring ownership to the United States

was filed, which was in 1969.  Defendants' argument is based on the New Mexico recording

statute; Defendants contend that recording the deed constitutes constructive notice to the world

of the United States' claim to the property.  Since according to the United States the deed is

unambiguous on its face and notifies the world that the United States owns property up to the

Pecos River (either the bank or the center), Defendants argue Plaintiff had constructive notice as

of 1969 that the United States claimed the property between the fence and the river.  Defendants

therefore contend the twelve-year limitations period began to run in 1969, and Plaintiff's lawsuit

is time-barred.

        The Court disagrees with Defendants' argument.  Plaintiff's claim to the property is based

on a theory of boundary by acquiescence, not an argument concerning the exact locations of the

property's boundaries according to the recorded deed.  The whole point of the boundary-by-

acquiescence doctrine is that neighboring landowners can, over a long period of time, agree that a

certain boundary is located in a certain place, even if the actual boundary according to the deed's

descriptions is in a different location.  Plaintiff has presented evidence indicating that a boundary

by acquiescence might have been created between Plaintiff's predecessors and the United States'

predecessors.  Plaintiff has also presented evidence that employees of the United States

recognized the fence as the boundary for a number of years.  If Plaintiff's evidence is accepted as

true, Plaintiff could not have known the United States contested ownership of the strip of

property between the fence and the river until the United States indicated to Plaintiff that the United States believed its property line did not end at the fence, but extended to the river.

The constructive-notice-by-recording theory cannot be used in the manner the United States suggests, because recording the deed is notice only of the contents of the deed; such recording does not vitiate anything that might have occurred to affect ownership of the property outside the four corners of the deed. *See* NMSA § 14-9-2 (recorded instruments give notice of their contents to the world). In other words, providing constructive notice of the contents of the deed did not provide notice that the United States challenged or disagreed with any claim of boundary by acquiescence that might have ripened prior to the filing of the deed. Accepting the theory advanced by the United States would mean, in essence, that no claim of boundary by acquiescence could ever succeed in New Mexico where a deed has been recorded; the limitations period for filing a quiet-title action would always begin to run on the date the deed was recorded, rather than when one party first expressed disagreement with the boundary the parties had supposedly agreed on. *Cf. RHN Corp. v. Veibell*, 96 P.3d 935, 942-43 (Utah 2004) (claim of constructive notice from recording of deed cannot be allowed to negate acquiescence in a different boundary; this would preempt claims whenever parties mutually acquiesce in a visible line that conflicts with a record boundary contained in conveying instrument). There are factual issues in this case as to the existence of a boundary by acquiescence, and as to when Plaintiff first discovered the United States disagreed that the fence line was the boundary between the parties' tracts of land. Given these factual issues, Defendants' motion to dismiss on limitations grounds will again be denied.

3

**Plaintiff's Request to File Sur-reply to Motion to Dismiss:**  Since the motion to dismiss will be denied, this motion is moot.  The Court does note that to the extent the request was based on a new document obtained from Defendants, which had not been produced during discovery, the request appears to be well-grounded.  The Court does agree with Defendants, however, that it is not acceptable practice to simply attach the sur-reply brief to the motion, without first obtaining permission from the Court to file such a sur-reply.

**Defendants' Rule 41(C) Motion to Withdraw Consideration of an Issue:**  Following the Court's prior summary-judgment opinion, Defendants requested that the Court determine the boundary of the parcel of property owned by the United States.  Defendants claimed that boundary is the center of the Pecos River.  Once the Court decided it is not clear whether the boundary is the center of the river, Defendants apparently decided not to litigate that issue and have moved to withdraw their earlier request.  Plaintiff contends the boundary of the property is at issue in this case because the United States has filed a counterclaim for trespass, and in order to determine whether Plaintiff is trespassing the boundary of the United States parcel must be determined.[1]

Plaintiff notes in his pleadings that if the United States concedes that the boundary of the parcel is not the center of the river, and dismisses that claim with prejudice, Plaintiff will not likely

---

[1]Plaintiff is not abandoning his claim that the boundary is actually the fence line, under the theory of boundary by acquiescence.  The argument concerning the center of the river or the bank of the river is directed only at the deed-based boundary of the parcel, and has no impact on the boundary-by-acquiescence argument.  In other words, if the United States' predecessors acquiesced in a boundary that is different than the one shown on the deed, the United States may be bound by such acquiescence.  In case the acquiescence theory is rejected, however, Plaintiff argues as a fall-back position that the deed to the United States parcel establishes the boundary as either the metes and bounds description in the deed or the bank of the river, rather than the center of the river.

oppose such dismissal.  Defendants, however, do not appear ready to make such a concession.

Defendants state several times throughout their briefs that the boundary may well be the center of

the river, and cite several cases standing for the proposition that references in a deed to the bank

of a river actually confer ownership to the center of that river.  Without conceding that its

ownership is limited to, at most, the bank of the Pecos River, therefore, the United States simply

wishes to withdraw this issue from consideration in this case.  If that request is granted without

prejudice, as the United States appears to desire, the United States would remain able to raise the

question again in future litigation.

Defendants' motion is essentially a motion to dismiss, in part, the counterclaim filed by the

United States against Plaintiff.[2]  Such a motion is directed to the Court's discretion.  *See County

of Santa Fe v. Public Serv. Co. of New Mexico*, 311 F.3d 1031, 1047-49 (10th Cir. 2002).  In

deciding whether to allow such dismissal, the Court must consider the possibility that the

opposing party will be prejudiced, among other factors.  *Id.*  The impact of the dismissal upon

potential future litigation is a major consideration that must be taken into account.  *Id.*  In this

case, if the center-of-the-river claim is dismissed without prejudice, the United States will be free

to file a new lawsuit alleging trespass against Plaintiff on the portion of the river between the

center and the bank.  Plaintiff will therefore be prejudiced if Defendants' Rule 41(C) request is

granted.  The interests of fairness and judicial economy require a determination, in this litigation,

as to the exact location of the boundary of the parcel of property owned by the United States,

---

[2]This is so because the United States would be dismissing the portion of its counterclaim
that concerns any trespasses committed by Plaintiff on the half of the Pecos River that is adjacent
to the parcel owned by the United States.

whether that boundary is established by deed description or by acquiescence.  Defendants' motion
to dismiss this issue from the case will be denied.

**Plaintiff's Motion to Allow Expert Testimony:**  Plaintiff requests permission to
introduce evidence provided by two experts in the field of surveying:  Mr. Doak and Mr.
Robillard.  Plaintiff did not designate these experts in a timely manner.  Despite this failure,
Plaintiff argues he should be allowed to present the evidence, for several reasons:  (1)  he was
previously financially unable to retain the experts and pay their fees; (2) the experts' opinions will
concern the location of the boundary of the United States property, which is an issue that was first
introduced into the case following this Court's prior opinion; and (3) Defendants will suffer no
prejudice if the experts are allowed to testify, because their opinions will have been provided to
Defendants more than ninety days before trial.  Defendants, on the other hand, argue that the
experts' opinions are unnecessary because they concern the center-of-the-river issue, which
Defendants no longer wish to litigate; that the experts' opinions concern an issue of law, the
construction of the deed to the United States, and are therefore unnecessary and inadmissible; and
that Defendants will be prejudiced by the late disclosure of these experts, just prior to trial.

After considering the arguments of the parties, the Court in its discretion will allow
Plaintiff to designate these experts, conditioned on Plaintiff making them available for, and paying
any fees associated with, their depositions.  *See Boone v. Moore*, 980 F.2d 539, 541-42 (8th Cir.
1992) (district court did not abuse its discretion by allowing expert testimony even though expert
was not disclosed in the manner required by the court's pretrial order); *Leary v. Gen. Elec. Co.*,
179 F.R.D. 86, 89-90 (N.D.N.Y. 1998) (conditioning testimony of plaintiff's expert on availability
for deposition and costs).  Since no evidence was presented concerning Plaintiff's financial

inability to hire the experts earlier, the Court does not consider that argument as a basis for its

decision.  However, now that the trial of this matter has been continued, Defendants will have an

ample opportunity to review the experts' opinions and respond to them in any manner allowed by

the rules of evidence.  Furthermore, while the Court agrees that expert testimony concerning the

construction of a deed is unnecessary because that issue is not a factual issue, there may be some

questions in this case as to which a surveying expert's opinion may be helpful.[3]  Finally, the

location-of-the-boundary issue did not become apparent in this case until the deadline for

disclosing experts had already expired.  Since Defendants will not suffer unfair prejudice if

Plaintiff is allowed to present evidence from his experts, the motion to allow expert testimony will

be granted, under the conditions stated above.

**Plaintiff's Motion for Sanctions:**  Plaintiff requested sanctions for Defendants' failure to

produce a document that was encompassed within Plaintiff's discovery requests.  As a sanction,

Plaintiff requested that his experts be allowed to present evidence despite Plaintiff's failure to

timely disclose them.  This request is moot, pursuant to the Court's disposition of the motion

discussed above.  In addition, however, Plaintiff requested attorney's fees and costs necessitated

by Defendants' failure to produce the document.  Despite Defendants' arguments to the contrary,

the document should have been produced in response to Plaintiff's request for "all documents

relating in any way to the Forest Service files concerning the Forest Service Property."  [Exh. 2,

Mot. for Sanctions][4]  There is no indication, however, that the discovery violation was deliberate.

---

[3]The Court notes Defendants provided expert testimony from their own surveying expert, Mr. Chavez.

[4]The document is a letter or memorandum from Mr. Burnett, a surveyor employed by the United States Forest Service; it concerns Mr. Burnett's analysis of the deeds to Plaintiff's

Furthermore, Plaintiff has engaged in pretrial litigation tactics that have caused Defendants to file motions or make arguments that would have otherwise been unnecessary, such as attaching a copy of an expert's report to a pleading before receiving permission to do so.  The Court will therefore decline Plaintiff's request for an award of attorney's fees and costs, and admonish counsel for both parties to read Article C of the Lawyer's Creed of Professionalism, which applies to attorneys appearing in this District.  D.N.M. L.R. 83.9.

**Defendants' Motion for Protective Order:**  Defendants ask for a protective order preventing the deposition of Mr. Doak, one of Plaintiff's experts.  At the time Defendants filed their motion, the deposition was scheduled to take place a short time before trial of this matter was to begin, and Defendants had not yet received Mr. Doak's report.  Given the Court's decision allowing Plaintiff to use Mr. Doak as an expert upon fulfillment of the conditions stated, and the fact that Defendants will have ample time to review Mr. Doak's report before any deposition or trial takes place, this motion appears to be moot and will be denied.

**Defendants' Motion to Strike Robillard Report:**  Plaintiff attached a copy of Mr. Robillard's expert report to a pleading, without first obtaining permission to use Mr. Robillard as an expert or to submit his report to the Court.  Defendants therefore moved to strike the report. Defendants also argued that they have lost the opportunity to test the validity of the opinions stated by Mr. Robillard in his report.  While Plaintiff's submission of the report was premature, the Court has now conditionally decided to allow Mr. Robillard to participate in the case as an expert.  Furthermore, to the extent Defendants have a basis for challenging Mr. Robillard's

---

property and the United States property, and his opinion as to the location of the boundary of the United States parcel.

opinions, Defendants are not precluded from doing so simply because a report has already been submitted.  The motion to strike will therefore be denied.

**Defendants' Motion in Limine to Prohibit Parol Evidence:**  In support of his claim of boundary by acquiescence, Plaintiff has offered evidence provided by two witnesses, Mrs. Innis and Mrs. Cassabonne, who are related to the United States' predecessors.  Defendants argue that no parol evidence should be allowed to alter the plain language of the deed granting the property to the United States, and that this testimony should therefore be excluded.  The testimony, however, is not being offered to change the terms of the deed, and in fact has no relevance at all to the issue of deed construction.  Instead, the testimony is being offered in an attempt to establish that the predecessors of both Plaintiff and the United States acquiesced in a boundary, the fence, irrespective of the actual boundary delineated in the parties' deeds.  Thus, Plaintiff is not attempting to use the testimony to alter any terms of an unambiguous deed, and the argument of the United States concerning parol evidence is without merit.

Defendants also argue the testimony of the witnesses is barred under the theory of estoppel by deed.  According to Defendants, the witnesses are in privity with a predecessor of the United States (although not the immediate predecessor), and therefore cannot testify that the location of the boundary is anything other than the description contained in the deed.  Defendants have not, however, met the requirements of the estoppel-by-deed theory.  This doctrine is used to prevent a grantor of property, or those in privity with the grantor, from asserting a claim to that property that is adverse to the claim of a grantee.  *See Trujillo v. CS Cattle Co.*, 790 P.2d 502, 507 (N.M. 1990).  The witnesses in this case are not asserting a claim to the United States property; they merely have testified about their understanding of the location of the boundary of

9

the property.  The testimony is intended not to contradict the terms of the deed but to indicate

how the parties to the deed understood the deed's descriptions were to be applied on the ground.

Since the deed in question contains both a metes-and-bounds description and a reference to a

natural monument, and principles of deed construction must be applied to ascertain the exact

location of the boundary, the contents of the deed cannot be said to be so certain as to exclude all

testimony concerning the contemporary understanding of the location of the property boundary,

even if that testimony is provided by heirs or assigns of a prior grantor.

Defendants also raise an argument that is not directed at the testimony of the witnesses but

is an argument on the merits, contending that Plaintiff's claim is barred by the doctrine of

equitable laches.  Plaintiff responds by presenting a number of arguments that are also directed at

the merits, such as an argument based on a prior plat or survey of the area that purportedly does

not show the river as the boundary of the parcel of land subsequently conveyed to the United

States.  These arguments will not be considered by the Court at this time; the parties may raise

them at trial, assuming they have been properly preserved in the pretrial order and are properly

supported by admissible evidence.  For the reasons stated above, therefore, the motion in limine

will be denied.

**Conclusion:**  Based on the foregoing discussion, all of the motions filed by the parties will

be denied, except Plaintiff's motion requesting permission to present the testimony of Mr. Doak

and Mr. Robillard.

**ORDER**

10

A Memorandum Opinion having been entered in this case, it is hereby ORDERED that the following motions be, and hereby are, DENIED:  (1)  Defendants' motion to dismiss for lack of subject-matter jurisdiction (Doc. 84); (2) Plaintiff's motion requesting permission to file a surreply to the motion to dismiss (Doc. 99); (3) Defendant's motion under Rule 41(C) asking to withdraw an issue from consideration (Doc. 86); (4) Plaintiff's motion for sanctions (Doc. 94); (5) Defendants' motion for a protective order (Doc. 92); (6) Defendants' motion to strike an expert's report filed by Plaintiff (Doc. 105); and (7) Defendants' motion in limine to prohibit parol evidence (Doc. 89).  It is also ORDERED that Plaintiff's motion to allow expert testimony (Doc. 83) be, and hereby is, GRANTED, subject to the conditions stated in the opinion.

Dated this 12th day of November, 2004.


_____
BRUCE D. BLACK
United States District Judge


**ATTORNEYS**:

**For Plaintiff**:
Thomas A. Simons, IV
Faith Kalman Reyes

**For Defendants:**
Raymond Hamilton